AO 451 (Rev. 12/93) Certification of Judgment

# United States District Court

DISTRICT OF COLORADO

FILED OCT 22 1998 AT 8:30
WILLIAM T. WALSH
CLERK

Douglas Terry,
Plaintiff,

v.

Stratton-Oakmont, Inc., et al
Defendants.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 95-B-170

NJ misc 98-324 (HAA)

I, JAMES R. MANSPEAKER, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on July 13, 1998, as it appears in the records of this court, and that

this judgment may be registered pursuant to the attached order, filed on October 2, 1998.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

October 19, 1998
Date

JAMES R. MANSPEAKER
Clerk

(By) Deputy Clerk

*Insert the appropriate language: . . . "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." . . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." . . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." . . . "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 95-B-170

DOUGLAS TERRY,

    Plaintiff,

v.

STRATTON-OAKMONT, INC., a New York corporation, STEPHEN P. CARUSO, IRV STITSKY, DANIEL MARK PORUSH, JORDAN R. BELFORT, and RMS NETWORK, INC.,

    Defendants.

---

## ORDER

---

Plaintiff, Douglas Terry ("Terry"), moves for the issuance of an order commanding other districts to register the judgment entered on July 13, 1998 against defendants Daniel Porush ("Porush"), Jordan Belfort ("Belfort"), and RMS Network, Inc. ("RMS Network") (collectively, "defendants"). Defendants Porush and RMS Network do not oppose the motion. Defendant Belfort opposes the motion. The motion is adequately briefed and a hearing was held on October 2, 1998. For the reasons set forth below, I grant the motion.

I.

Section 1963 states, in its entirety:

> Registration of judgments for enforcement in other districts.
>
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect

> to the Court of International Trade, in any judicial district, <u>when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown</u>. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien. The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

28 U.S.C. § 1963 (1997) (emphasis added). Recognizing that judgment debtors were free to take advantage of the delay occasioned by appeal to remove property from the other districts, thereby frustrating potential enforcement even if appeal did not succeed, Congress amended § 1963 in 1998 to explicitly permit registration of the judgment in foreign districts during the pendency of appeal for "good cause shown" and if permitted by court order. Siegel, Commentary on 1998 Revision, 28 U.S.C. § 1963; *Associated Business Telephone Systems Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 65-68 (D.N.J. 1989) (conducting extensive review of § 1963 and its legislative history).

"Good cause" includes, but is not limited to, a showing that the judgment debtor plans to remove property from the other district, Siegel, *supra*, or the judgment debtor's failure to post supersedeas bond as ordered by the court. *Johns v. Rozet*, 143 F.R.D. 11, 12 (D.D.C. 1992). Recognizing the importance of a judicial lien, some courts have held that good cause can be established upon a mere showing that the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district. *See, e.g., Jack Frost Laboratories, Inc.*

2


*v. Physicians & Nurses Mfg. Corp.*, 951 F.Supp. 51, 51 (S.D.N.Y. 1997) (judgment debtor did not post bond, had no assets in rendering district, and had its principal place of business and substantial assets in another district); *Schreiber v. Kellogg*, 839 F.Supp. 1157, 1162 (E.D.Pa. 1993); *Associated Business*, 128 F.R.D. at 68.

Section 1963 operates in unity with the federal and state statutes as well as the Federal Rules of Civil Procedure. The judgment debtor can stay the proceedings, including enforcement of the judgment in the foreign district, simply by posting a supersedeas bond pursuant to Rule 62(d). *See also* Fed.R.Civ.P. 62(f) (affording stay in accordance with state law). If the judgment debtor prevails on appeal, the judgment debtor may then cancel the judgment registered in a foreign district. Fed.R.Civ.P. 60(b)(5).

II.

Notwithstanding the alleged inconvenience and cost to defendants, Terry has shown good cause for the issuance of an order permitting him to register the judgment in applicable foreign districts. A criminal indictment filed in the Eastern District of New York against Belfort and Porush alleges money laundering and the transfer of assets to foreign corporations and foreign banks. (Criminal Indictment, CR-98-859 (ICG), ¶¶ 15-18, 25, 31, 35, Plf.'s Ex. A.) Further, the Bankruptcy Trustee for the liquidation of Stratton-Oakmont, Inc. has commenced an adversary proceeding under the Securities Investor Protection Act of 1970, 15 U.S.C. § 78, against Belfort, Porush, their respective wives, and RMS Network, alleging the "off-shore secretion of millions of dollars of Stratton-Oakmont assets . . . ." (Compl., 97-8074A (TLB), at 7, 10-11, 29-30, Plf.'s Ex. B.) If not permitted to register the judgment in applicable foreign jurisdictions, Terry would

face the distinct possibility of having an unsatisfied judgment. Indeed, Terry may already face that possibility. Further, it is undisputed that defendants have no assets or interests in assets located in Colorado, the forum district. Lastly, no order staying enforcement pending appeal has entered and defendants have not posted a supersedeas bond in accordance with Rule 62(d).

Accordingly, I ORDER that:

(1) plaintiff's motion for the issuance of an order permitting the registration of the judgment entered on July 13, 1998 in other jurisdictions is GRANTED; and

(2) plaintiff may register the judgment in any district in which he has good cause to believe that defendants have assets or interests in assets.

Dated: October 2, 1998 in Denver, Colorado.

BY THE COURT:

LEWIS T. BABCOCK, JUDGE

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and SEAL of said Court this 2nd day of OCT / 1998
JAMES R. MANSPEAKER
By _____ Deputy

4

JUL 1 6 1998

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 3 1998

JAMES R. MANSPEAKER
CLERK
BY_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-B-170

DOUGLAS D. TERRY,

    Plaintiff,

v.

STRATTON-OAKMONT, INC., a New York corporation, STEPHEN P. CARUSO, IRV STITSKY, DANIEL MARK PORUSH, JORDAN R. BELFORT, KENNETH S. GREENE, PAUL FRANCIS BYRNE, JORDAN R. SHAMAH and RMS NETWORK, INC.,

    Defendants.

---

## JUDGMENT

---

THIS CASE was filed on January 24, 1995. Defendants Stratton Oakmont, Inc., Paul Francis Byrne and Jordan R. Shamah filed for bankruptcy protection and the case was stayed as to Defendant Stratton-Oakmont, Inc. on February 6, 1997, as to Defendant Byrne on March 19, 1997, and as to Defendant Shamah on September 3, 1997.

On April 27, 1997, this Court entered judgment, pursuant to an Acceptance of Offer of Judgment, against Defendant Kenneth S. Greene.

On November 10, 1997, the Court entered an order dismissing with prejudice plaintiff's claim for negligence and striking all references to Defendant Greene.

On December 1, 1997, plaintiff filed his amended and supplemental complaint. Defendants Greene, Byrne and Shamah are not named in this complaint.

Page 2
Judgment in
Case No. 95-B-170

On June 2, 1998, the Court entered an order striking Plaintiff Terry's negligence claim from the amended complaint filed on December 1, 1997; the order also dismissed plaintiff's claims for primary violations of § 10(b) of the Securities Exchange Act of 1934 and the Colorado Securities Act, and breach of fiduciary duty as against Defendant Belfort.

Just prior to trial, Defendant Caruso settled with the plaintiff, and Notice of Settlement as to Defendant Caruso was filed on July 10, 1998.

Defendant Irv Stitsky filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York )(Westbury), and on July 6, 1998, the case was stayed as to Defendant Stitsky.

THIS MATTER came on for trial as to the remaining claims and defendants on the 6th day of July, 1998, before a duly sworn jury of seven, The Honorable Lewis T. Babcock, United States District Judge, presiding.

On July 9, 1998, plaintiff moved for dismissal of his claims for breach of fiduciary duty, common law fraud and federal and state primary securities law fraud as to Defendant Porush, and these claims were dismissed with prejudice. At this time, the parties also stipulated that all claims against the parties on trial except control person liability could be dismissed with prejudice.

On July 10, 1998, the jury returned its verdicts on plaintiff's claim for control person liability under Federal Securities Law and Colorado Securities Law in favor of Plaintiff Terry and against defendants as follows:

Page 3
Judgment in
Case No. 95-B-170

| | | |
|---|---|---|
| Stratton-Oakmont, Inc. | | $753,739.98 |
| Stephen Caruso | | $ 50,000.00 |
| Irv Stitsky | | <u>$100,000.00</u> |
| | TOTAL | $903,739.98 |

The jury also found that defendants failed to prove by a preponderance of the evidence that Mr. Terry failed to mitigate his damages resulting from their violation of federal and/or Colorado securities law.

As to plaintiff's claim of control person liability, the jury found that Plaintiff Terry proved by a preponderance of the evidence that Stratton-Oakmont, Inc., Stephen Caruso and Irv Stitsky violated federal and Colorado securities law, that Defendants Daniel Porush, Jordan Belfort and RMS Network, Inc., exerted some direct or indirect means of discipline or influence over Stratton-Oakmont, Inc., Stephen Caruso and Irv Stitsky, and that Defendants Porush, Belfort and RMS Network, Inc., did not prove by a preponderance of the evidence that they acted in good faith and did not directly or indirectly induce the act(s) which resulted in violations of federal and/or Colorado securities law. The jury found that the total damages it wished to award Plaintiff Terry to be $903,739.98. The verdicts were accepted and filed.

IT IS THEREFOR ORDERED THAT:

(1) Plaintiff's claims for negligence are DISMISSED WITH PREJUDICE as to all defendants.

(2) Plaintiff's claims for primary violations of § 10(b) of the Securities Exchange Act of 1934 and the Colorado Securities Act, common law fraud, and breach of fiduciary duty as to Defendant Belfort are DISMISSED WITH PREJUDICE;

(3) Plaintiff's claims for breach of fiduciary duty, common law fraud and primary federal and state securities law fraud as to Defendant Porush are DISMISSED WITH PREJUDICE;

(4) As a derivative of the common law fraud claims, Plaintiff's claim for punitive damages is DISMISSED WITH PREJUDICE.

(5) All claims against the parties on trial except control person liability are DISMISSED WITH PREJUDICE.

(6) Judgment is entered in favor of the plaintiff, Douglas Terry, and against Defendants Daniel Porush, Jordan Belfort and RMS Network, Inc., jointly and severally, in the amount of $903,739.98, plus interest accruing from date of entry of judgment at the legal rate of 5.413%.

(7) Costs are awarded to the plaintiff upon the filing of a bill of costs within ten days of entry of judgment.

DATED at Denver, Colorado this 13rd of July, 1998.

FOR THE COURT:

JAMES R. MANSPEAKER, CLERK

By: *[signature]*
Stephen P. Ehrlich,
Chief Deputy Clerk

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office. WITNESS my hand and SEAL of said Court this 2nd day of Oct., 1998.

JAMES R. MANSPEAKER
By: *[signature]*
Deputy

EOD
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 1998

JAMES R. MANSPEAKER
CLERK



Page 5
Judgment in
Case No. 95-B-170

APPROVED:

_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF SERVICE

Civil Case No. 95-B-170

The undersigned certifies that a copy of the foregoing _Judgment_ was served on _July 14_, 1998, by:

(X) delivery to:

Magistrate Judge Patricia Coan

(X) depositing the same in the United States Mail, postage prepaid, addressed to:

Charles F. Brega, Esq.
Stuart N. Bennett, Esq.
Brega & Winters P.C.
1700 Lincoln St.
 Suite 2222
Denver, CO 80203

R. Micklewright, Esq.
Marne Klein, Esq.
Wolf & Slatkin, P.C.
745 Ptarmigan Place
3773 Cherry Creek North Drive
Denver, CO 80209

Franklin Ormstein, Esq.
Ormstein and Evangelist
375 N. Broadway
 Suite 104A
Jerico, NY 11573

Mark Gelfand, Esq.
Stratton-Oakmont, Inc.
P.O. Box 5126
New York, NY 10150-5126

_M. Hatch_
Deputy Clerk

***NOTE IT IS YOUR RESPONSIBILITY TO SET THE TIME (ANY TUESDAY, WEDNESDAY, OR THURSDAY AT 8 30 OR 9 100 A.M.) FOR APPEARANCE BEFORE THE CLERK FOR TAXATION

AC 133

(REV 7/82)                 AMENDED BILL OF COSTS

| UNITED STATES DISTRICT COURT | DISTRICT FOR THE DISTRICT OF COLORADO |
|---|---|
| DOUGLAS TERRY, Plaintiff<br>v.<br>STRATTON-OAKMONT, INC., et al., Defendants | DOCKET NO. 95 B 170<br>MAGISTRATE CASE NO |

Judgment having been entered in the above entitled action on __July 10, 1998__ against __Defendants__ the clerk is requested to tax the following as costs:

### BILLS OF COSTS

| | | |
|---|---|---|
| 1. | Fees of the clerk | $ 132.00 |
| 2. | Fees for service of summons and complaint | $ 212.13 |
| 3. | Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $ 7,830.06 |
| 4. | Fees and disbursements for printing | $ 141.75 |
| 5. | Fees for witnesses (itemized on reverse side) | $ 57.64 |
| 6. | Fees for exemplification and copies of papers necessarily obtained for use in the case | $ 2,729.59 |
| 7. | Costs incident to taking of depositions | $ |
| 8. | Costs as shown on Mandate of Court of Appeals | $ |
| 9. | Other costs (Please itemize) | $ |

Please review and comply with D.C. Colo. L.R. 54.1

(See Notice section on reverse side)

TOTAL     $ 11,103.17

### DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy hereof was this day mailed with postage fully prepaid thereon to

Signature of Attorney _[signature]_

Print Name __S Scott Lasher #20886__     Phone No. __(303) 866-9400__

For __Douglas Terry, Plaintiff__     Date __10/13/98__

| Please take notice that I will appear before the Clerk who will tax said costs on the following day and time | Date and Time *** October 13, 1998 at 10:30 a.m. |
|---|---|
| Costs are hereby taxed in the following amount and included in the judgment. | Amount Taxed $ 11,103.17 |
| CLERK OF COURT<br><br>JAMES R. MANSPEAKER | (BY) DEPUTY CLERK _[signature]_     DATE 10/14/98 |